UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTOMATED PETROLEUM AND
ENERGY COMPANY, INC.,

    Plaintiff,

vs.                                    CASE NO.: 8:06-cv-1285-T-30MSS

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

    Defendant.

## JOINT STATUS REPORT

Plaintiff Automated Petroleum & Energy Company, Inc. ("APEC") and Defendant Commerce & Industry Insurance Company ("C&I") jointly submit this status report to the court as follows:

1. On June 20, 2008, the parties entered into a Standstill Tolling and Non-Waiver Agreement ("Agreement"), a copy of which is attached hereto as "Exhibit A" and incorporated herein by reference. The Agreement relates to the site that is the subject of this litigation, as well as a site that is the subject of litigation in the Circuit Court in and for Hillsborough County, Florida.

2. The Agreement provides for a one hundred and eighty day tolling period commencing on June 20, 2008 and ending on December 17, 2008, during which the running of any applicable statute of limitations and prosecution and defense of this litigation will be tolled.

3. During the tolling period the parties will continue to work to resolve the issues between them.

4. Upon termination or expiration of the Agreement, the parties will so notify the court for the purpose of establishing a litigation timetable.

**WHEREFORE**, the parties request the entry of an order staying this litigation until such time as the court receives notice that the Agreement has been terminated or has expired.

Respectfully submitted this 30th day of June, 2008.

**AUTOMATED PETROLEUM AND ENERGY COMPANY, INC.**

Robert D. Fingar, Esq.
GRAMLING & FINGAR, LLP
Florida Bar No. 0578282
1607 Village Square Boulevard, Suite 1,
Tallahassee, Florida 32309
Tel: (850) 385-1212
Fax: (850) 385-7778

**COMMERCE AND INDUSTRY INSURANCE COMPANY**

/s/ Daniel J. Lynn
Mr. Daniel J. Lynn, Esquire
Mr. Richard S. Kuhl, Esquire
Suzanne M. Patrick, Esquire
Jackson & Campbell
1120 Twentieth Street, N.W., South Tower
Washington, D.C. 20036

Mr. Patrick A. Burson, Esquire
Fowler White, P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL 33602

## STANDSTILL TOLLING AND NON-WAIVER AGREEMENT

This Standstill Tolling and Non-Waiver Agreement (the "Agreement") is entered into by Automated Petroleum and Energy Company, Inc. ("APEC"); and by Commerce & Industry Insurance Company ("C&I").

WHEREAS, C&I issued to APEC Storage Tank Third-Party Liability, Corrective Action and Cleanup Policy No. FPL 7509152 with effective dates of December 31, 2002 to December 31, 2003, (the C&I Policy") which policy is the subject of ongoing litigation in two actions styled <u>Automated Petroleum and Energy Company v. Commerce & Industry Insurance Company</u>, Civil Action No.:8:06-cv-1285 in the United States District Court for the Middle District of Florida, Tampa Division involving an APEC property in Belleview, Florida ("the Belleview Action") and <u>Automated Petroleum and Energy Company v. Commerce & Industry Insurance Company</u>, Case No.: 05-10881 in the Circuit Court for the Thirteenth Judicial District in and for Hillsborough County, Florida, involving an APEC site in Leesburg, Florida ("the Leesburg Action") (hereinafter collectively the "Coverage Litigation");

WHEREAS, APEC has asserted pursuant to the extended reporting period provided pursuant to 40 C.F.R. §280.97 that it has timely provided notice of the Belleview and Leesburg claims for insurance coverage under the C&I policy;

WHEREAS, C&I has issued to APEC letters reserving its rights and is undertaking an investigation of the claims and has requested information from APEC in order to make a final coverage determination with respect to each of these claims; and

WHEREAS APEC and C&I wish to stay the Coverage Litigation and to defer the commencement of any new litigation with respect to the Belleview and Leesburg claims

in order to avoid unnecessary expenses and litigation while the parties enter into good faith settlement negotiations.

WHEREAS, to determine coverage under the C&I policy for the Belleview and Leesburg claims, C&I has requested that APEC produce certain documents, including, but not limited to, invoices and documents related to the Belleview and Leesburg claimsthat may be protected under the attorney-client privilege, the work product doctrine or other applicable privileges, exemptions or immunities;

WHEREAS, the parties do not wish to waive the attorney-client privilege, the work product doctrine, or other applicable privileges, exemptions, or immunities in this matter.

WHEREAS, APEC and C&I have conferred and concur, subject to the conditions set forth below, that it is in their mutual interests to toll the Coverage Litigation and establish certain time-related procedures with respect to resolution of the matters raised in the aforementioned exchange of correspondence;

**NOW, THEREFORE,** in consideration of the mutual undertakings and covenants contained herein, APEC and C&I ("the Parties") hereby agree as follows:

1.     For the purposes of this Agreement, "Action" means any lawsuit, arbitration, or other form of proceeding that relates to insurance coverage under the C&I Policy for the claimed damages, including any proceeding in the Coverage Litigation. Neither Party shall initiate an Action against the other party nor seek to expand the scope of the Coverage Litigation during the period this Agreement is in effect (as provided in paragraph 2).

2. In order to avoid the burden and expense of litigation and to allow time for settlement negotiations, the running of any statute of limitations applicable to the Litigation or the C&I policy shall be tolled for the period of time beginning on the date of this Agreement and ending at midnight one hundred and eighty (180) days thereafter ("Tolling Period").

3. The Parties agree that it is their express intent that entry of this Agreement will toll and stay the Parties' obligations with respect to the Coverage Litigation, that the Parties will refrain from prosecuting or defending the Coverage Litigation in any manner (except as provided herein) and that the Parties' rights and obligations to file an appearance and answer (or otherwise plead) in connection with the Coverage Litigation is hereby tolled and stayed while this Agreement is in place. The Parties agree that any responsive pleadings that would have been due during the duration of this Agreement, the filing of which was tolled hereby, shall be filed within fourteen (14) days after the date upon which this Agreement terminates. The Parties further agree to refrain from seeking the dismissal, removal, or transfer of the Coverage Litigation prior to the termination of this Agreement. The Parties shall cooperate in jointly filing any pleadings, motions, or other submissions necessary to accomplish their mutual intent of refraining from prosecuting or defending the Coverage Litigation during the Tolling Period.

4. During the Tolling Period no substantive or procedural rights or duties of any of the parties hereto will change. The parties intend by this provision that none of the parties shall legally benefit in any way or be prejudiced in any way by their participation in this Agreement.

5.    All statutes of limitation, laches, waiver, estoppel, or other defenses or causes of action will be tolled during the Tolling Period. Any defense, contention, argument, privilege, or legal right that existed prior to the Tolling Period will be preserved completely and without limitation. Such defense, contention, argument, privilege, or legal right will not be enhanced or diminished during or because of the Tolling Period.

6.    This Agreement does not constitute an admission of liability, an admission of coverage, or the waiver of any right or defense by any Party related to the Coverage Litigation, the Belleview and Leesburg claims, or the C&I policy. Further, this Agreement does not constitute any admission or acknowledgement on the part of any Party as to any applicable statute of limitations or that any statute of limitations at all applies regarding the Belleview and Leesburg claims or the C&I Policy.

7.    All positions taken, arguments asserted, statements made, and communications exchanged during the Tolling Period shall be confidential and shall constitute statements made during the course of settlement negotiations and therefore shall not be used or relied upon as evidence or in any argument in any legal proceeding and shall not be used in a court of law for any purpose whatsoever.

8.    The Parties reserve all existing rights, privileges, defenses, and contentions as against one another, and they enter into and proceed under this Agreement without prejudice to or waiver of those rights, privileges, defenses, and contentions. Nothing in this Agreement creates, waives, satisfies, or modifies any term, condition, or requirement of any insurance policy. Except to enforce the terms of this Agreement or to respond to assertions about its effect, neither Party shall use the execution of this

Agreement or any negotiations leading to it or the negotiation of its terms against the other Party in any Action or other litigation or legal controversy.

9. The Parties agree to the following settlement timetable: Within thirty (30) days of the date of execution of this Agreement by the Parties APEC will provide to C&I all information and documents requested in C&I's December 2006, May 2007, August 2007, and April 2008 correspondence regarding the Belleview and/or Leesburg claims that are in its custody and control and shall request that C&I provide a coverage determination as soon as possible. Once such information and documents are received and C&I determines it has sufficient information to make a coverage determination, C&I shall respond with a coverage determination not later than one hundred twenty (120) days following receipt of the information and documents requested. If C&I determines it needs additional information and documents in order to make a coverage determination, C&I shall request such information and documents promptly.

10. All positions taken, arguments asserted, statements made, and communications exchanged shall be confidential and shall constitute statements made during the course of settlement negotiations and therefore shall not be used or relied upon as evidence or in any argument in any legal proceeding and shall not be used in a court of law for any purpose whatsoever.

11. It is understood that either Party may terminate settlement negotiations and commence or continue suit at any time, upon provision of written notice by certified mail to the other Party. If either Party elects to terminate negotiations under this Paragraph, the Tolling Period shall expire 60 days after written notice is received by the other Party and will not continue for the duration set forth in Paragraph 2, above.

12. Immediately upon termination of this Agreement, all limitations and laches periods will resume and all due diligence requirements will be enforceable, excepting only that the Tolling Period will be excluded and omitted from any calculations of time periods or periods of alleged delay.

13. This Agreement is intended to facilitate and to encourage settlement and should be liberally construed and specifically enforced by the courts in order to effectuate that purpose.

14. The Tolling Period may be extended upon the written consent of APEC and C&I.

15. No extension of, amendment to, or variation of the terms and conditions of this Agreement shall be valid unless made in writing and signed on behalf of the parties hereto.

16. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and any prior oral or written statements concerning same are merged herein for all purposes and shall be of no force and effect.

17. The undersigned representative of each of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Agreement and to legally bind such Party to all terms and conditions of this document.

18. This Agreement shall be binding upon the Parties and their respective heirs, executors, administrators, representatives, successors, and assigns.

19. This Agreement may be executed in one or more counterparts, each of which will be deemed an original and all of which together will constitute one and the same instrument.

20. Nothing contained in this Agreement is intended nor shall it be construed as an admission of liability of any kind by any party.

21. The Parties hereto willingly and freely consent to every provision of this Agreement.

SO AGREED:

APEC, Inc.

DATE: 6/20/08                By: *[signature]*
                             ROBERT D. FINGAR
                             Gramling & Fingar, LLP
                             1607 Village Square Blvd, Ste 1
                             Tallahassee, FL 32309
                             (850) 385-1212
                             **Authorized Representative**

AIG Domestic Claims, Inc., as authorized agent for Commerce & Industry Insurance Company

DATE: 6/20/08                By: *[signature]*
                             Authorized Representative

-7-